# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|                      Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-00007-02/03-CR-W-FJG |
| | ) | |
| PHILIP F. CARDARELLA and | ) | |
| KATHERYN J. SHIELDS, | ) | |
|                      Defendants. | ) | |

# **ORDER**

Currently pending before the Court are (1) Motion in Limine of Defendants Shields and Cardarella to Prohibit Argument Regarding Deed to 5034 Sunset Drive (Doc. No. 144); and (2) Motion in Limine of Defendants Shields and Cardarella to Prohibit Argument that They Made Any False Statement (Doc. No. 146). Both will be considered below.

**I.      Motion in Limine of Defendants Shields and Cardarella to Prohibit Argument Regarding Deed to 5034 Sunset Drive (Doc. No. 144)**

The defendants do not want the government to be allowed to put on evidence regarding the signing of the deed, as any theory regarding the deed was not pled in the indictment. Defendants note that Judge Sachs questioned whether this unpled theory could be used at trial, stating that defendants could contend that Russell v. United States, 369 U.S. 749 (1962) bars the use of an unpled deed signing event as part of an aiding and abetting theory. See Doc. No. 91, p. 5.

The government responds (in Doc. No. 157) that (1) this motion in limine was filed out of time; and (2) the signing of the deed is not an unpled overt act, as the wire transmission identified in Count 12 includes "all signed closing documents" sent from Freedom Title to Fieldstone Mortgage, and that government states that its trial proof will establish that the deed signed by Shields and Cardarella was among the "signed closing documents"–thus, it is not an unpled theory.

After reviewing the motion in limine, response, and reply suggestions, the Court finds persuasive the government's point that the signing of the deed is not unpled in the indictment, as Count 12 identifies "all signed closing documents" as part of the wire transmission at issue. Therefore, defendants' motion in limine (Doc. No. 144) will be **DENIED**.

II. **Motion in Limine of Defendants Shields and Cardarella to Prohibit Argument that They Made Any False Statement (Doc. No. 146)**

Defendants Shields and Cardarella argue in this motion that, as Judge Sachs has already held (in Doc. Nos. 91 and 115) that the Settlement Statement and Assignment of Proceeds were not false or fraudulent but were instead candid and true, the government ought not be allowed to present evidence or argument that the statements were fraudulent.

The government responds (Doc. No. 157) that (1) Judge Sachs' prior ruling is not dispositive or controlling as there is no res judicata or collateral estoppel effect associated with such rulings; (2) the question of whether the settlement statement was "painfully candid" instead of "dishonest or false" is a question of fact reserved for determination at trial by the fact-finder; and (3) taking up this issue before trial would be committing the same type of error Judge Wright made in United States v. Ferro, 252 F.3d 964 (8th Cir. 2001), where the 8th Circuit found materiality was an issue for the jury.

After reviewing the motion in limine, response, and reply suggestions, the Court finds that the issue of whether the settlement statement and assignment of proceeds are false and fraudulent is an issue of fact for the jury. Therefore, defendants' motion in limine as to this issue (Doc. No. 146) will be **DENIED**.

**IT IS SO ORDERED.**

Date: 6/1/07  
Kansas City, Missouri

**S/ FERNANDO J. GAITAN**, **JR.**  
Fernando J. Gaitan, Jr.  
Chief United States District Judge