# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | No. 07-00007-02/03-CR-W-FJG | |
| ) | | |
| PHILIP F. CARDARELLA and ) | | |
| KATHERYN J. SHIELDS, ) | | |
| Defendants. ) | | |

## ORDER

Currently pending before the Court is Defendants Shields and Cardarella's Motion in Limine to Exclude Certain Co-Defendants' or Government Agent's Testimony (Doc. No. 107).

Defendants seek to exclude two statements or conversations involving defendant Raymond W. Zwego, Jr. ("Zwego"): (1) conversation between defendants Zwego and Cardarella held on October 26, 2006, and (2) conversation between defendant Zwego and Government informant Jamie Woolard ("Woolard") on October 27, 2006.

**A.     Exclusion of October 26, 2006 Statement**

Defendants seek to exclude the conversation between Cardarella and Zwego because it is inadmissible hearsay under the Federal Rules of Evidence. The conversation at issue was between defendants Zwego and Cardarella and defendant Rodd overheard the conversation. Allegedly, Zwego "expressed to Cardarella his concern about whether there should be a direct conversation between Zwego and defendant Shields to make sure that she too understood the nature of the agreement. Cardarella told Zwego that he would make sure his wife was aware of the agreement and that Zwego did not need to talk to her directly" (Doc. No. 82). The Government plans to have both defendants Zwego and Rodd testify that this conversation took place and that defendant Cardarella made the statement

in order to implicate both Cardarella and defendant Shields in the conspiracy.

First, defendants argue this conversation is clearly hearsay and does not fall within one of the categories that are not hearsay under Fed. R. Evid. 801(d). Defendants argue just because defendant Shields is married to defendant Cardarella, who at some point met defendant Zwego, does not mean she know of and joined a conspiracy to commit wire fraud. Defendants further state that "[w]hat one defendant says he will tell a second defendant in the future is not evidence that the second defendant knew of any illicit agreement."

Second, defendants argue if the Court admitted this conversation, it would violate Shields' constitutional right to confront Cardarella, in the event he chooses not to testify. Further, according to the defendants, if Zwego or Rodd do not testify, the government cannot introduce the statements through any federal agent or government informant because it would violate Rule 801(d)(2)(E) and Bruton.

Finally, defendants move to exclude the conversation because it is irrelevant under Fed. R. Evid. 401 and unfairly prejudicial to defendants.

Government seeks to admit this conversation to prove both Cardarella and Shields knew of the conspiracy or participated in the conspiracy. Government responds to defendants' motion stating the conversation is admissible under 801(d)(2)(E), a non-hearsay statement by a co-conspirator. In effect, the Government states Cardarella promised Zwego he would convince Shields to join the scheme. Government argues these statements were made in furtherance of the conspiracy because the statements were made to induce enlistment in the conspiracy, were made to recruit new co-conspirators, and were made to give confidence to those involved in the transaction, all of which, according to the Government are statements that have been upheld by different appellate courts.

Additionally, Government argues there is no Bruton issue in admitting the conversation because "when the statements are those of a co-conspirator and are

2

admissible under Federal Rule of Evidence 801(d)(2)(E), the Sixth Amendment and Bruton are not implicated." See United States v. Mickelson, 378 F.3d 810, 819 (8th Cir. 2004). Thus, Government argues since the conversation is admissible under 801(d)(2)(E), there is no Bruton issue.

Under Rule 801(d)(2)(E), a statement is not hearsay and is admissible if the statement was made "by a coconspirator of a party during the course and in furtherance of the conspiracy." To avail itself of 801(d)(2)(E), the Government must prove by a preponderance of the evidence that a conspiracy existed, that the defendant and the declarant were members of the conspiracy, and that the statement was in furtherance of the conspiracy. United States v. Lewis, 759 F.2d 1316, 1342 (8th Cir.), cert denied, 474 U.S. 994 (1985). The phrase in "furtherance of a conspiracy" is broadly interpreted. Id. The Court finds that the Government has met its burden in proving by a preponderance of the evidence that a conspiracy existed. Defendants Zwego, Cardarella, and Rodd allegedly discussed how the transaction would take place and the details of the closing. Certainly, this discussion implicates defendant Cardarella in the conspiracy and such statements were made in furtherance of the conspiracy. Cardarella's alleged statement as to making sure his wife knew of the details may not undoubtedly prove defendant Shields' involvement in the conspiracy but those issues ultimately are left for the jury to decide.

The Court rejects defendants' argument that admitting the October 26, 2006 statement poses an issue under Bruton. In Bruton, the Supreme Court held that the admission of statements from a non-testifying defendant that inculpated a co-defendant violated the latter's Confrontation Clause rights, despite a curative instruction otherwise. See Bruton v. United States, 391 U.S. 123, 135-36 (1968). However, the Eighth Circuit has held that Bruton does not apply "where the hearsay statement is otherwise admissible under Rule 801(d)(2)(E)." United States v. Alcantar, 271 F.3d 731, 739 (8th Cir. 2001) (citing United States v. Coco, 926 F.2d 759, 761 (8th Cir. 1991))(internal quotations omitted); See

3

also United States v. Mickelson, 378 F.3d at 819 (stating that "when the statements are those of a co-conspirator and are admissible under Federal Rule of Evidence 801(d)(2)(E), the Sixth Amendment and Bruton are not implicated."). Thus, since this Court finds that the October 26, 2006 conversation is admissible under 801(d)(2)(E), no Confrontation Clause or Bruton issues arise.

After reviewing the motion in limine, response, and reply suggestions, the Court finds the Court finds the Government met its burden in proving a conspiracy existed, thus the October 26, 2006 statement is non-hearsay under the Federal Rules. Therefore, defendants' motion in limine (Doc. No. 107) on this issue will be **DENIED.**

**II.     Exclusion of October 27, 2006 Statement**

Defendants also seek to exclude recording of conversation between defendant Zwego and Jamie Woolard in which Zwego states in relevant part:

> Zwego: Well, ....It's the seller's house. The seller's couldn't be better. Ah, he ah, he said I don't give a shit what the hell you do, just give me my check. That's the way he put it. He was pretty blunt about it.

Zwego also stated the seller was ahead of the game.

Defendants argue this conversation is inadmissible for the all reasons they argued with respect to the October 26, 2006 conversation—the statement is inadmissible hearsay, the statement does not fall under 801(d)(2)(E), and admitting the statement would violate Bruton.

Government responds that these statements are indeed admissible under Fed. R. Evid. 801(d)(1), 801(c), and 805. Contrary to defendant's assertion, Government states it does not rely on 801(d)(2)(E) to admit this conversation. When defendant Zwego testifies, Government states the out-of-court statement Zwego made to Woolard will be admissible as non-hearsay under FRE 801(d)(1) because Zwego will be subject to cross-examination concerning the statement he made to Woolard. Government also

4

notes the statement is consistent with Zwego's testimony about what was said on October 26, and will be offered to rebut the defendants' claim that Zwego's testimony about what Cardarella said is fabricated or the product of improper influence or motive.

Lastly, Government argues both of the challenged conversations are admissible under Fed. R. Evid. 401 and 403 because they are relevant to the question of whether Cardarella and Shields participated in criminal activity.

After reviewing the motion in limine, response, and reply suggestions, the Court will at this time defer ruling on whether the October 27, 2006 statement is admissible under the Federal Rules of Evidence until trial at which time defendants may renew their motion in limine. Therefore, defendants' motion in limine as to this issue (Doc. No. 107) is **DENIED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

Date: 6/4/07    **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri    Fernando J. Gaitan, Jr.
    Chief United States District Judge