IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-00007-02/03-CR-W-FJG |
| | ) | |
| PHILIP F. CARDARELLA and | ) | |
| KATHERYN J. SHIELDS, | ) | |
| Defendants. | ) | |

## ORDER

Currently pending before the Court is Government's Motion in Limine to Exclude Evidence or Testimony that the Defendants Were Selectively And/Or Vindictively Prosecuted (Doc. No. 97).

Government seeks to prohibit defendants' Cardarella and Shields from introducing or referring to the following evidence: (1) the defendants' general claim that they were being selectively and/or vindictively prosecuted; (2) the political affiliation of the defendants; (3) the defendants' claim that they are being singled out for prosecution because of their political affiliation; (4) the terms "political witch hunt" or "political terrorism;" (5) any campaign for public office undertaken by defendant Shields; (6) the existence of other investigations of criminal conduct allegedly committed by defendant Shields; (7) the circumstances and facts relating to the resignation of former U.S. Attorney Todd P. Graves; (8) the circumstances and facts relating to the appointment of Bradley J. Schlozman as the interim U.S. Attorney; (9) the defendants' claim that the Department of Justice is in the "midst of the worst corruption scandal in its history;" (10) the circumstances and facts relating to the discharge of U.S. Attorneys in other districts; and (11) the circumstances and facts relating to inquiries by Congress and the news media, including news media reports,

relating to the discharge of U.S. attorney's in other districts.

Government argues all this evidence should be prohibited because the allegations of vindictive and selective prosecution do not provide a factual defense to the charges. Government also argues that a claim of vindictive prosecution is properly raised in a pretrial motion to dismiss and not a permissible argument to the jury. See United States v. Berrigan, 482 F.2d 171, 175 (3rd Cir. 1973); United States v. Dufresne, 58 Fed.Appx. 890, 895 (3rd Cir. 2003); United States v. Napper, 553 F. Supp. 231, 232 (E.D.N.Y. 1982). Additionally, the Government notes that the circumstances relating to the resignation of former U.S. Attorney Todd P. Graves is irrelevant to the factual issues of this case. Moreover, the Government states that the defense claims of vindictive and selective prosecution are also a personal attack on the integrity of the career prosecutors assigned to this case.

Defendants respond that granting the Government's motion in limine would bar the use of critical theories in this case. Specifically, defendants argue the motion in limine would prohibit testimony that is highly probative to the state of mind of defendant Shields and would preclude defendants from cross-examining federal agents and other witnesses about crucial issues in this case. Defendants then set forth similar arguments made in their motion to dismiss the indictment (Doc. No. 81), which was denied by this Court on May 29, 2007 (Doc. No. 154). Defendants state that at least nine transactions involving sellers similarly situated to Shields and Cardarella have taken place and those sellers have not been prosecuted.

Further, defendants argue that even with the denial of their motion to dismiss, evidence of vindictive and selective prosecution is relevant to the questions properly before the jury. Defendants note there is no Supreme Court or Eighth Circuit law on this issue.

2

Case 4:07-cr-00007-FJG   Document 226   Filed 08/30/07   Page 2 of 5

Defendants also argue that the Government misunderstands the issue because defendants will not ask the jury to find the indictment in violation of their due process and equal protection rights, but rather will present evidence to the jury relating to defendants' state of mind, the motives and veracity of witnesses, and to provide context for the entire case. For example, defendants argue they are entitled to cross-examine and impeach federal agents on their motives in investigating defendant Shields because she was the subject of previous failed investigations.

The Eighth Circuit has held that the defendant must make a preliminary or threshold showing of the essential elements of the selective prosecution defense before a district court can great an evidentiary hearing or discovery. See U.S. v. Aanerud, 893 F.2d 956, 960-61 (8th Cir. 1990); U.S. v. Matter, 818 F.2d 653, 655 (8th Cir. 1987). Since this Court previously held that defendants failed to make out a prima facie case of either vindictive or selective prosecution, it follows that the defendants should be prevented from presenting evidence relating to these claims at trial (Doc. No. 154). In addition, defendants failure to establish the essential elements of selective or vindictive prosecution also precluded them from having an evidentiary hearing or further discovery on this issue. Thus, it also follows that such a failure should preclude defendants from presenting any evidence relating to these claims at trial.

The Eighth Circuit, however, has not addressed the legal issue of whether a defendant may present evidence related to vindictive and/or selective prosecution at trial. Thus, we examine the law in other circuits to see how this issue is resolved. In U.S. v. Abboud, 438 F.3d 554, 579-80 (6th Cir. 2006), cert denied, 127 S. Ct. 446 (2006), the Sixth Circuit upheld a district court's granting of the Government's motion in limine to prevent

3

defendants from presenting evidence of selective prosecution. The court in Abboud upheld the district court's grant of the government's motion in limine because "the defense of selective prosecution is a matter that is independent of a defendant's guilt or innocence, so it is not a matter for the jury." Id.; See also U.S. v. Simpson, 2007 U.S. App. LEXIS 11043, *2 (6th Cir. 2007)(upholding a district court's decision to bar questions related to the vindictiveness allegation at trial because it was irrelevant to the issue of guilt or innocence). Although the court recognized the importance of exposing a witness' bias, motive, or prejudice, the court reasoned that the concept of witness bias and selective prosecution are distinct as "selective prosecution is a separate and distinct claim that the defendant has been unconstitutionally selected for prosecution." Abboud, 438 F.3d at 580.

The Third Circuit has also addressed this issue in U.S. v. Dufresne, 58 Fed. Appx. 890, 895 (3d Cir. 2003), cert denied, 538 U.S. 1064 (2003). In Dufresne, the defendant claimed the district court improperly precluded him from proving vindictive prosecution to the jury. The court disagreed with defendant's claim because "a claim of vindictive prosecution is not a permissible argument to the jury," but rather properly raised in a pretrial motion to dismiss. Id. (citing United States v. Berrigan, 482 F.2d 171, 174-76 (3d Cir. 1973). In Berrigan, the Third Circuit rejected an attempt by the defendants to introduce evidence of discriminatory prosecution to the jury and explained:

> [Defendants'] argument misconceives the proper division of responsibility between judge and jury in a federal criminal proceeding. By both tradition and constitutional mandate the jury is given the responsibility of determining guilt or innocence according to the instructions of law delivered by the court. The question of discriminatory prosecution relates not to the guilt or innocence of [the defendants], but rather addresses itself to a constitutional defect in the institution of the prosecution.

Berrigan, 482 F.2d at 175. The Court agrees with the rule and reasoning adopted by the

4

Sixth and Third Circuits. Therefore, the Court holds that defendants are not permitted to present evidence relating to claims of vindictive and selective prosecution at trial.

Additionally, in examining Fed. Crim. P. 12(b)(3), the rule specifically states that certain motions must be made before trial, including motions alleging a defect in the indictment or prosecution. Defendants properly made their timely motion before trial alleging a defect in the indictment in their motion to dismiss the indictment (Doc. No. 81). The Court denied the defendants' motion on May 29, 2007 (Doc. No. 154). Therefore, defendants already had their opportunity to allege defects in the indictment and prosecution and they should not be afforded another opportunity to assert defects in the indictment or prosecution at trial. The Court recognizes defendants' right to cross-examine witnesses and to reveal their bias or any improper motive. However, the Court finds that defendants can still examine the motives of any witnesses on cross-examination without referring to facts and allegations wholly irrelevant to defendants' guilt or innocence.

After reviewing the motion in limine, response, and reply suggestions, the Government's Motion in Limine to Exclude Evidence or Testimony that the Defendants Were Selectively And/Or Vindictively Prosecuted (Doc. No. 97) is **GRANTED**.

**IT IS SO ORDERED.**

Date: 8/30/07
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
Chief United States District Judge